# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO – EASTERN DIVISION

In re:  Bobst Collision, Inc.               :   Case No. 15-51527
                                            :
        Debtor                              :   Chapter 11
                                            :
                                            :   Judge Hoffman

## RESPONSE OF THE STATE OF OHIO DEPARTMENT OF TAXATION TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 3
## [DOCKET NO. 85]

Now comes Attorney General Mike DeWine, acting through special counsel duly appointed as provided in Ohio Revised Code Section 109.08, on behalf of Creditor the State of Ohio Department of Taxation ("DOT"), and responds to the Debtor's Objections to the Proof of Claim of DOT [Docket No. 85].  For the reasons set forth in the accompanying Memorandum, Debtor's Objection should be denied.

Respectfully submitted,
Mike DeWine, Attorney General of Ohio

/s/ Erin M. Dooley
Charles A. Mifsud (0070498)
Special Counsel to the Attorney General
Brian M. Gianangeli (0072028)
Erin M. Dooley (0089092)
THE LAW OFFICE OF CHARLES MIFSUD LLC
6305 Emerald Parkway
Dublin, Ohio   43016
Phone – (614) 389-6401
Fax – (614) 389-2294

Attorneys for Creditor, State of Ohio
Department of Taxation

**MEMORANDUM**

On June 17, 2015, DOT filed its proof of claim no. 3 which covers unpaid withholding tax and commercial activity tax assessments. Debtor broadly objects to DOT's claims stating that substantial payments have been made to DOT that are not reflected on the claims. Debtor also questions the breakdown of taxes owed, penalty and interest assessed. All of Debtor's objections are without merit.

Each period for which DOT seeks to recover on proof of claim no. 3 was properly assessed. The tax amounts due are based either on the taxes reported by debtor on filed returns or estimated as permitted by Ohio Revised Code 5747.13(A) and 5751.09(A) due to Debtor's failure to file a return. In regard to the interest amounts, Ohio Revised Code 5747.07(G)(5) and 5751.06(G) provide for interest to run from the date the tax was due until the date of assessment. R.C. 5747.13(C) and 5751.09(C)(3) continue the interest at the same rate from the date of the assessment until the date that the assessment is certified to the Ohio Attorney General for collection under R.C. 131.02. Following certification, R.C. 131.02(D) extends the interest at the same rate until the assessment is paid. With the assessments unpaid, interest was required to run during the entire period from the tax due date to Debtor's filing of the petition.

Late filed and late paid withholding tax and commercial activity tax carry statutory penalties under Ohio Revised Code Sections 5747.15 and 5751.06, respectively. All penalties on the proof of claim were assessed under these provisions.

As for Debtor's general allegation of payments on the assessments, Debtor had paid and satisfied several assessments against it prior to filing bankruptcy. The satisfied assessments are not included on the claims filed by DOT. Subsequent to the objections being filed a breakdown of the assessments against Debtor, satisfied and outstanding, was provided to Debtor's counsel. The breakdown provides details of the amounts owed, payments applied and remaining

balances.  If Debtor believes amounts have been paid toward the assessments that are not reflected in the claims, DOT is willing to investigate such payments when provided with additional information, including the dates and amounts of such payments, and to amend its claims if warranted.  However, until Debtor produces such documentation, DOT's claims have been properly assessed and calculated and should stand as filed.

WHEREFORE, for the foregoing reasons, DOT opposes Debtor's Objection and asks that it be denied.

                          Respectfully submitted,
                          Mike DeWine, Attorney General of Ohio

                          /s/ Erin M. Dooley
                          Charles A. Mifsud (0070498)
                          Special Counsel to the Attorney General
                          Brian M. Gianangeli (0072028)
                          Erin M. Dooley (0089092)
                          THE LAW OFFICE OF CHARLES MIFSUD LLC
                          6305 Emerald Parkway
                          Dublin, Ohio   43016
                          Phone – (614) 389-6401
                          Fax – (614) 389-2294

                          Attorneys for Creditor, State of Ohio
                          Department of Taxation

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served electronically through the court's ECF System at the email address registered with the court on this 11th day of April 2016, upon the following:

Jeremy Shane Flannery, Office of the United States Trustee

LeAnn E. Covey, Attorney for Bayview Loan Servicing, LLC

Garry A. Sabol, Attorney for Debtor, Bobst Collision, Inc.

Bethany Hamilton, Attorney for Internal Revenue Service

Brian M. Gianangeli, Attorney for Ohio Department of Taxation

and on the following by ordinary U.S. Mail addressed to:

Bobst Collision, Inc.
2918 Parsons Avenue
Columbus, OH 43207

/s/ Erin M. Dooley
Erin M. Dooley (0089092)